**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sunita Patel,<br><br>            Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>            Defendants. | No. CV 11-01489-PHX-NVW<br><br>**ORDER** |

Before the Court is "Defendants' (Maricopa County, Arpaio, Sands, Trombi, Brackman, and McGuire) Motion for Judgment on the Pleadings" (Doc. 47). For the reasons stated below, the motion will be granted as to Plaintiff's malicious prosecution cause of action and otherwise denied.

**I.    LEGAL STANDARDS**

   **A.    Fed. R. Civ. P. 12(c) Standard**

"Rules 12(b)(6) and 12(c) are substantially identical." *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005). Rule 12(c) motions for judgment on the pleadings are therefore reviewed under the standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In ruling on a Rule 12(c) motion, the Court must "determine whether the facts alleged in the complaint, to be taken for [the purposes of a Rule 12(c) motion] as true, entitle the plaintiff to a legal remedy." *Strigliabotti*, 398 F. Supp. 2d at 1097. "If the complaint fails to articulate a legally sufficient claim, the complaint should

be dismissed or judgment granted on the pleadings." *Id*. A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

### B. Arizona Notice of Claim Standard

Arizona law requires that

> [p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). "For purposes of this section," the statute continues, "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." *Id*. § 12-821.01(B). Although this definition of accrual is "[f]or purposes of [§ 12-821.01]," Arizona courts have concluded that the state legislature intended this definition to mirror that of the typical "discovery rule" — or in other words, it does not differ from accrual of the cause of action for purposes of statutes of limitations. *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 197 Ariz. 87, 90, 3 P.3d 1007, 1010 (Ct. App. 1999).

## II. ANALYSIS

Defendants claim that Plaintiff's notice of claim contained nothing about her causes of action for malicious prosecution, negligent training and supervision, *respondeat superior*, or state law violation of due process.

### A. Settlement Demand

Defendants' first argument, directed at all four challenged causes of action, is that, "[u]nlike her other claims, for which she provided a [settlement] dollar amount, Plaintiff failed to specify a dollar amount for [the challenged claims]. This by itself is dispositive of this issue." (Doc. 66 at 2.) Defendants rely on the notice of claim statute's requirement that "[t]he claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount," A.R.S. § 12-821.01(A), but they otherwise cite no authority for their argument. If correct, Defendants' argument would conflict with authority that claimants need not plead legal theories, but only facts. *Yollin v. City of Glendale*, 219 Ariz. 24, 32, 191 P.3d 1040, 1048 (Ct. App. 2008) ("the statute requires only facts, not theories, to support the claim"). In other words, if a claimant must make a settlement demand for each cause of action arising from the facts alleged in her notice of claim, to the exclusion of any lawsuit on a legal theory fairly discernible from those facts but not specifically stated in the notice of claim, then the claimant must indeed plead legal theories — contradicting Arizona authority. Absent some authority justifying an otherwise incongruous result, Defendants' argument fails.

### B. Malicious Prosecution

A malicious prosecution claim "accrues when the prior proceedings have terminated in [the plaintiff's] favor." *Owen v. Shores*, 24 Ariz. App. 250, 251, 537 P.2d 978, 979 (1975). That is the earliest point at which "the damaged party [can] realize[] he or she has been damaged." A.R.S. § 12-821.01(B). Here, that point did not arrive until after Plaintiff filed her notice of claim. She did not file a second notice of claim within 180 days of successful termination of the prosecution against her. The malicious prosecution claim is therefore barred.

### C. Negligent Training and Supervision; *Respondeat Superior*; and State Law Violation of Due Process (Ariz. Const. art. II § 4)

The remaining claims are adequately disclosed in Plaintiff's notice of claim. Although she does not assert them specifically, each one is fairly implied by the conduct

she challenges.  Her repeated invocation of "employment" in the "Legal Basis for Claims" section (*see* Doc. 47-1 at Part II) fairly discloses negligent training/supervision and *respondeat superior* (if such causes of action exist in this context).  And the entire notice of claim, if believed, suggests a potential due process violation.  Accordingly, these claims will not be dismissed.

### III. INTERNATIONAL LAW

Defendants seek to dismiss any claim Plaintiff may be asserting based on international law.  Plaintiff responds that she asserts no claim under international law, but only offers it for its analytical value.  Thus clarified, there is nothing for the Court to dismiss.

IT IS THEREFORE ORDERED that "Defendants' (Maricopa County, Arpaio, Sands, Trombi, Brackman, and McGuire) Motion for Judgment on the Pleadings" (Doc. 47) is GRANTED with respect to Plaintiff's malicious prosecution cause of action and otherwise DENIED.

Dated this 27th day of February, 2012.

_____
Neil V. Wake
United States District Judge